UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN O. THOMPSON,
    Plaintiff

vs

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,
    Defendant

Case No. C-1:07cv161
(Dlott, J.; Hogan, M.J.)

## REPORT AND RECOMMENDATION

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for a period of disability and Disability Insurance Benefits ("DIB"). This matter is before the Court on Plaintiff's Statement of Errors (Doc. 4), and the Commissioner's response in opposition (Doc. 5).

## PROCEDURAL BACKGROUND

Plaintiff was born on July 27, 1955 and was 48 years of age on the alleged disability onset date and 51 years of age at the time of the ALJ's decision. (Tr. 26, 58). Plaintiff has a high school education and past work experience as an ironworker for 27 years. (Tr. 94, 233). On February 23, 2004, Plaintiff filed an application for a period of disability and DIB, alleging

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d)(1) and the last sentence of 42 U.S.C. §405(g), Michael J. Astrue is automatically substituted as the Defendant in this civil action.

1

disability since January 27, 2004, due to back pain, high blood pressure, and gout. (Tr. 58-60, 88A). Plaintiff's application for DIB was denied initially and upon reconsideration. (Tr. 32-43). Plaintiff requested and was granted a de novo hearing before an ALJ. (Tr. 227-269). On July 3, 2006, Plaintiff, who was represented by counsel, appeared and testified at a hearing before ALJ Deborah Smith. A vocational expert ("VE") also appeared and testified. (Id.). On July 25, 2006, the ALJ denied Plaintiff's application for benefits. (Tr. 17-28). Plaintiff appealed and the Appeals Council declined review. (Tr. 4-6).

## APPLICABLE LAW

The following principles of law control resolution of the issues raised in this case. Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). The Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

To qualify for disability insurance benefits, plaintiff must meet certain insured status requirements, be under age 65, file an application for such benefits, and be under a disability as defined by the Social Security Act. 42 U.S.C. §§ 416(I), 423. Establishment of a disability is contingent upon two findings. First, plaintiff must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A). Second, the impairments must render plaintiff unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2).

Regulations promulgated by the Commissioner establish a sequential evaluation process for disability determinations. 20 C.F.R. § 404.1520. First, the Commissioner determines whether

2

the individual is currently engaging in substantial gainful activity; if so, a finding of nondisability is made and the inquiry ends. Second, if the individual is not currently engaged in substantial gainful activity, the Commissioner must determine whether the individual has a severe impairment or combination of impairments; if not, then a finding of nondisability is made and the inquiry ends. Third, if the individual has a severe impairment, the Commissioner must compare it to those in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. If the impairment meets or equals any within the Listing, disability is presumed and benefits are awarded. 20 C.F.R. § 404.1520(d). Fourth, if the individual's impairments do not meet or equal those in the Listing, the Commissioner must determine whether the impairments prevent the performance of the individual's regular previous employment. If the individual is unable to perform the relevant past work, then a prima facie case of disability is established and the burden of going forward with the evidence shifts to the Commissioner to show that there is work in the national economy which the individual can perform. *Lashley v. Secretary of H.H.S.*, 708 F.2d 1048 (6th Cir. 1983); *Kirk v. Secretary of H.H.S.*, 667 F.2d 524 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983).

      A severe impairment or combination of impairments is one which significantly limits the physical or mental ability to perform basic work activities. 20 CFR §404.1520(c). Basic work activities relate to the abilities and aptitudes necessary to perform most jobs, such as the ability to perform physical functions, the capacity for seeing and hearing, and the ability to use judgment, respond to supervisors, and deal with changes in the work setting. 20 CFR §404.1521(b). Plaintiff is not required to establish total disability at this level of the evaluation. Rather, the severe impairment requirement is a threshold element which plaintiff must prove in order to establish disability within the meaning of the Act. *Gist v. Secretary of H.H.S.*, 736 F.2d 352, 357 (6th Cir.1984). The severity requirement may be employed as an administrative convenience to screen out claims that are totally groundless solely from a medical standpoint. *Higgs v. Bowen,* No. 87-6189, slip op. At 4 (6th Cir. Oct.28, 1988). An impairment will be considered nonsevere only if it is a "slight abnormality which has such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." *Farris v. Secretary of H.H.S.*, 773 F.2d 85, 90 (6th Cir. 1985)(citing

3

*Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). The Secretary's decision on this issue must be supported by substantial evidence. *Mowery v. Heckler*, 771 F.2d 966 (6th Cir. 1985).

Plaintiff has the burden of establishing disability by a preponderance of the evidence. *Born v. Secretary of Health and Human Servs.*, 923 F.2d 1168, 1173 (6th Cir. 1990); *Bloch v. Richardson*, 438 F.2d 1181 (6th Cir. 1971). Once plaintiff establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that plaintiff can perform other substantial gainful employment and that such employment exists in the national economy. *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999); *Born*, 923 F.2d at 1173; *Allen v. Califano*, 613 F.2d 139 (6th Cir. 1980). To rebut a prima facie case, the Commissioner must come forward with particularized proof of plaintiff's individual capacity to perform alternate work considering plaintiff's age, education, and background, as well as the job requirements. *O'Banner v. Secretary of H.E.W.*, 587 F.2d 321, 323 (6th Cir. 1978). *See also Richardson v. Secretary of Health & Human Services*, 735 F.2d 962, 964 (6th Cir. 1984)(per curiam). Alternatively, in certain instances the Commissioner is entitled to rely on the medical-vocational guidelines (the "grid") to rebut plaintiff's prima facie case of disability. 20 C.F.R. Subpart P, Appendix 2; *O'Banner*, 587 F.2d at 323. *See also Cole v. Secretary of Health and Human Services*, 820 F.2d 768, 771 (6th Cir. 1987).

The grid may be used to obtain the ultimate conclusion of disability when the findings of fact as to plaintiff's age, education, work experience, and residual functional capacity correspond precisely with the components of the relevant rule. 20 C.F.R. Subpart P, Appendix 2, § 200.00; *Kirk v. Secretary of H.H.S.*, 667 F.2d 524, 528-29 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). Each of the Commissioner's findings concerning the individual's age, education, work experience, and residual functional capacity must be supported by substantial evidence. *Id.* When the grid is applicable, the Commissioner may obtain a directed conclusion of nondisability and may take administrative notice that jobs exist in the national economy that plaintiff can perform. *Heckler v. Campbell*, 461 U.S. 458 (1983). If plaintiff suffers from a nonexertional impairment that restricts performance of a full range of work at the appropriate residual functional capacity level, the grid is inapplicable and the Commissioner must rely on other evidence to carry her burden. 20 C.F.R. Subpart P, Appendix 2, § 200.00(e).

4

The grid is designed for use when the alleged impairment manifests itself through limitations in meeting the strength requirements of jobs. 20 C.F.R. Subpart P, Appendix 2, § 200.00(e). If plaintiff suffers solely from nonexertional impairments, the grid is inapplicable and the Commissioner must rely on other evidence to rebut plaintiff's prima facie case of disability. *Id.*, § 200.00(e)(1). Nonexertional impairments include "certain mental, sensory, [and] skin impairments" as well as "postural and manipulative limitations [and] environmental restrictions." 20 C.F.R. Subpart P, Appendix 2, § 200.00(e). Where a plaintiff suffers from an impairment or a combination of impairments that results in both exertional and nonexertional limitations, the grid is consulted to see if a finding of disability is directed based upon the strength limitations alone. If not, the grid is then used as a framework and the Commissioner examines whether the nonexertional limitations further diminish plaintiff's work capability and preclude any types of jobs. *Id.*, § 200.00(e)(2). If an individual suffers from a nonexertional impairment that restricts performance of a full range of work at the appropriate residual functional capacity level, the Commissioner may use the grid as a framework for a decision, but must rely on other evidence to carry his burden. *Abbott v. Sullivan*, 905 F.2d 918, 926-27 (6th Cir. 1990); *Damron v. Secretary of H.H.S.*, 778 F.2d 279, 282 (6th Cir. 1985); *Kirk v. Secretary of H.H.S.*, 667 F.2d 524, 528-29 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). The existence of a minor nonexertional impairment is insufficient to preclude use of the grid for directing a decision. Rather, plaintiff must demonstrate that the nonexertional impairment "significantly limits" his ability to do a full range of work at the appropriate exertional level in order to preclude a grid based decision. *Atterberry v. Secretary of H.H.S.*, 871 F.2d 567, 572 (6th Cir. 1989); *Cole v. Secretary of H.H.S.*, 820 F.2d 768, 771-72 (6th Cir. 1987); *Kimbrough v. Secretary of H.H.S.*, 801 F.2d 794, 796 (6th Cir. 1986).

The Commissioner's finding that plaintiff obtained transferable skills from past employment must be supported by substantial evidence. *See Faison v. Secretary of H.H.S.*, 679 F.2d 598, 600 (6th Cir. 1982). The transferability of skills "depends largely on the similarity of occupationally significant work activities among [the] different jobs." 20 C.F.R. § 404.1568(d)(1); *see Blake v. Secretary of H.H.S.*, 528 F. Supp. 881, 885 (E. D. Mich. 1981). "Transferability is most probable and meaningful among jobs in which: (I) [t]he same or lesser

5

degree of skill is required; (ii) [t]he same or similar tools and machines are used; and (iii) [t]he same or similar raw materials, products, processes, or services are involved." 20 C.F.R. § 404.1568(d)(2). "A complete similarity of all three factors is not necessary for transferability." 20 C.F.R. § 404.1568(d)(3). When skills are so specialized or have been acquired in an isolated vocational setting so that they are not readily usable in other work settings, the skills are not transferable. *Id.*

A skill is a "learned power of doing something competently; a developed or acquired aptitude or ability." *Blake v. Secretary of H.H.S.*, 528 F. Supp. 881, 885 (E.D. Mich. 1981) (quoting Webster's Third New International Dictionary (1964)). Transferable skills "refer to learned abilities which combine knowledge with coordinated physical movements, such as operating a typewriter, or a learned mental discipline, or an area of expertise." *Ellington v. Secretary of H.H.S.*, 738 F.2d 159, 161 (6th Cir. 1984). The Commissioner may not base a finding of transferability of skills on aptitudes common to most persons, such as the ability to see, think, use judgment, or use one's hands. *Id.; Weaver v. Secretary of H.H.S.*, 722 F.2d 310 (6th Cir. 1983). Thus, skills must be acquired and must relate to specific work activities. *Blake v. Secretary of H.H.S.*, 528 F. Supp. at 885; *see* C.F.R. § 404.1565(a).

When the grid is not applicable, the Commissioner must make more than a generalized finding that work is available in the national economy; there must be "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform *specific* jobs." *Richardson v. Secretary of H.H.S.*, 735 F.2d 962, 964 (6th Cir. 1984) (per curiam) (emphasis in original); *O'Banner v. Secretary of H.E.W.*, 587 F.2d 321, 323 (6th Cir. 1978). Taking notice of job availability and requirements is disfavored. *Kirk v. Secretary of H.H.S.*, 667 F.2d 524, 536-37 n.7, 540 n.9 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). There must be more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *Richardson*, 735 F.2d at 964; *Kirk*, 667 F.2d at 536-37 n.7. The Commissioner is not permitted to equate the existence of certain work with plaintiff's capacity for such work on the basis of the Commissioner's own opinion. This crucial gap is bridged only through specific proof of plaintiff's individual capacity, as well as proof of the requirements of the relevant jobs. *Phillips v. Harris*, 488 F. Supp. 1161 (W.D. Va. 1980)(citing *Taylor v. Weinberger*, 512 F.2d

6

664 (4th Cir. 1975)). When the grid is inapplicable, the testimony of a vocational expert is required to show the availability of jobs that plaintiff can perform. *Born v. Secretary of H.H.S.*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Varley v. Secretary of H.H.S.*, 820 F.2d 777, 779 (6th Cir. 1987).

Pain alone, if the result of a medical impairment, may be severe enough to constitute disability. *Kirk v. Secretary of H.H.S.*, 667 F.2d 524, 538 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). In order to find plaintiff disabled on the basis of pain alone, the Commissioner must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the Commissioner must then determine: (1) whether the objective medical evidence confirms the severity of pain alleged by plaintiff; or (2) whether the underlying medical impairment is severe enough that it can reasonably be expected to produce the allegedly disabling pain. *Duncan v. Secretary of H.H.S.*, 801 F.2d 847, 852-53 (6th Cir. 1986). *See also Felisky v. Bowen*, 35 F.3d 1027, 1038-39 (6th Cir. 1994); *Jones v. Secretary of H.H.S.*, 945 F.2d 1365, 1369 (6th Cir. 1991). This test, however, "does not require . . . 'objective evidence of the pain itself.'" *Duncan*, 801 F.2d at 853. Where a complaint of pain is not fully supported by objective medical findings, the Commissioner should consider the frequency and duration of pain, as well as other precipitating factors including the effect of the pain upon plaintiff's activities, the effect of plaintiff's medications and other treatments for pain, and the recorded observations of pain by plaintiff's physicians. *Felisky*, 35 F.3d at 1039-40.

Where the medical evidence is consistent, and supports plaintiff's complaints of the existence and severity of pain, the ALJ may not discredit plaintiff's testimony and deny benefits. *King v. Heckler*, 742 F.2d 968, 975 (6th Cir. 1984). Where, however, the medical evidence conflicts, and there is substantial evidence supporting and opposing a finding of disability, the Commissioner's resolution of the conflict will not be disturbed by the Court. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam). In either event, the ALJ must articulate, on the record, his evaluation of the evidence and how it relates to the factors listed above. *Felisky*, 35 F.3d at 1039-41.

In light of the Commissioner's opportunity to observe the individual's demeanor, the Commissioner's credibility finding is entitled to deference and should not be discarded lightly.

*Kirk*, 667 F.2d at 538. "If an ALJ rejects a claimant's testimony as incredible, he must clearly state his reasons for doing so." *Felisky,* 35 F.3d at 1036. The ALJ's articulation of reasons for crediting or rejecting a claimant's testimony must be explicit and "is absolutely essential for meaningful appellate review." *Hurst v. Sec. of H.H.S.*, 753 F.2d 517, 519 (6th Cir. 1985)(citing *Zblewski v. Schweiker*, 732 F.2d 75, 78 (7th Cir. 1984)).

In order to receive benefits, an individual must follow the treatment prescribed by his/her physician if the treatment will restore the ability to work, unless there is an acceptable reason for the failure to follow the treatment. 20 C.F.R. § 404.1530; *see Awad v. Secretary of H.H.S.*, 734 F.2d 288 (6th Cir. 1984); *Fraley v. Secretary of H.H.S.*, 733 F.2d 437 (6th Cir. 1984). Acceptable reasons for failure to follow prescribed treatment include, but are not limited to: 1) the treatment is contrary to plaintiff's religious beliefs; 2) plaintiff is unwilling to repeat a surgery which was previously unsuccessful; and 3) the treatment involves great or unusual risk. 20 C.F.R. § 404.1530(c). If an impairment can reasonably be controlled, or is reasonably amenable to treatment, it cannot serve as a basis for a finding of disability. *Young v. Califano*, 633 F.2d 469, 472-73 (6th Cir. 1980); *Henry v. Gardner*, 381 F.2d 191, 195 (6th Cir.), *cert. denied*, 389 U.S. 993 (1967), *reh'g denied*, 389 U.S. 1060 (1968).

Benefits may not be denied, however, if the treatment is merely recommended, suggested, or offered as an alternative, as opposed to treatment being ordered or prescribed. *Harris v. Heckler*, 756 F.2d 431, 435 n.2 (6th Cir. 1985); *Young*, 633 F.2d at 472-73. The Commissioner may not presume that impairments are remediable; the record must show that the treatment will restore plaintiff's ability to work. *Johnson v. Secretary of H.H.S.*, 794 F.2d 1106, 1111-13 (6th Cir. 1986); *Harris v. Heckler*, 756 F.2d at 435 n.2.

"In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530-31 (6th Cir. 1997). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Lashley v. Secretary of H.H.S.*, 708 F.2d 1048, 1054 (6th Cir. 1983). The weight given a treating physician's opinion on the nature and severity of impairments depends on whether it is supported by sufficient medical data and is consistent with other

evidence in the record. 20 C.F.R. § 404.1527(d); *Harris v. Heckler*, 756 F.2d 431 (6th Cir. 1985). However, a summary by an attending physician made over a period of time need not be accompanied by a description of the specific tests in order to be regarded as credible and substantial. *Cornett v. Califano*, No. C-1-78-433 (S.D. Ohio Feb. 7, 1979) (LEXIS, Genfed library, Dist. file). If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 1527(d)(2); *see also Walters*, 127 F.3d at 530. If not contradicted by any substantial evidence, a treating physician's medical opinions and diagnoses are afforded complete deference. *Harris*, 756 F.2d at 435. *See also Cohen v. Secretary of H.H.S.*, 964 F.2d 524, 528 (6th Cir. 1992). However, a physician's statement that plaintiff is disabled is not determinative of the ultimate issue. *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984). The opinion of a non-examining physician is entitled to little weight if it is contrary to the opinion of the claimant's treating physicians. *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). If the ALJ rejects a treating physician's opinion, the ALJ's decision must be supported by a sufficient basis which is set forth in his decision. *Walter v. Commissioner*, 127 F.3d 525, 529 (6th Cir. 1997); *Shelman*, 821 F.2d at 321.

It is the Commissioner's function to resolve conflicts in the medical evidence and to determine issues of credibility. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994); *Hardaway v. Secretary of H.H.S.*, 823 F.2d 922, 928 (6th Cir. 1987); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). The Commissioner's determination must stand if it is supported by substantial evidence regardless of whether the reviewing court would resolve the conflicts in the evidence differently. *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983). *See also Boyle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *Tyra v. Secretary of H.H.S.*, 896 F.2d 1024, 1028 (6th Cir. 1990). The Commissioner must state not only the evidence considered which supports the conclusion but must also give some indication of the evidence rejected in order to facilitate meaningful judicial review. *Hurst v. Secretary of H.H.S.*, 753 F.2d 517, 519 (6th Cir. 1985). *See also Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987).

If the Commissioner's decision is not supported by substantial evidence, the Court must

9

decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted. The Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 111 S. Ct. 2157, 2163 (1991).

Where the Commissioner has erroneously determined that an individual is not disabled at steps one through four of the sequential evaluation, remand is often appropriate so that the sequential evaluation may be continued. *DeGrande v. Secretary of H.H.S.*, 892 F.2d 1043 (6th Cir. Jan. 2, 1990) (unpublished, available on Westlaw). Remand is also appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). Remand ordered after a hearing on the merits and in connection with an entry of judgment does not require a finding that the Commissioner had good cause for failure to present evidence at the prior administrative hearing. *Faucher*, 17 F.3d at 173.

Benefits may be immediately awarded "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176. *See also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 782 (6th Cir. 1987). The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176. *See also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).

## OPINION

The pertinent medical findings and opinions have been adequately summarized by the parties in their briefs (Doc. 4 at 2-9; Doc. 5 at 1-2) and will not be repeated here. Where applicable, the Court shall identify the medical evidence relevant to its decision.

Plaintiff assigns essentially three errors in this case. First, Plaintiff contends that the ALJ

erred in finding that the skills Plaintiff acquired in his past work as an ironworker transferred to the semi-skilled jobs identified by the VE. Plaintiff also argues that the ALJ improperly discounted the opinion of Plaintiff's treating physician, Dr. Minhas and gave little weight to the opinions of the state agency physicians. Lastly, Plaintiff takes issue with the ALJ's finding with respect to Plaintiff's credibility and subjective complaints of disabling pain.

Plaintiff contends that the reasons given by the ALJ for discounting Dr. Minhas' opinion were erroneous and do not constitute "good reasons" under 404.1527(d). Plaintiff argues that the ALJ incorrectly found that Plaintiff had a normal gait because treatment notes on two occasions indicate "borderline gait." While Plaintiff uses the term "borderline," the actual term used by Dr. Minhas was "baseline." Absent any evidence that such term indicates an abnormal or less than normal gait, and in light of the majority of treatment notes indicating a normal gait, we find that the ALJ's conclusion in this regard is supported by substantial evidence. Dr. Minhas' treatment notes do not support his opinion that Plaintiff is unable to work. In his treatment notes, Dr. Minhas noted no sensory deficits, muscle atrophy, and lack of muscle strength, clinical findings which are typically associated with disabling pain. (Tr. 137-43, 150-61, 212-19). A treating physician's opinion is not entitled to controlling weight absent sufficient objective evidence such as detailed, clinical and diagnostic abnormalities noted in the treatment notes. *Walters,* 127 F.3d at 530. Dr. Minhas did not base his opinion on objective findings, but rather based his opinion that Plaintiff could not work on Plaintiff's subjective complaints of "continuous pain." (Tr. 221). *See Young v. Secretary of HHS*, 925 F.2d 146, 151 (6th Cir. 1990). Plaintiff argues that the ALJ ignored the fact that Plaintiff was working only one day per week due to back pain when he stopped working and that he was not laid off due to lack of work. However, the ALJ specifically noted that on March 12, 2004, Plaintiff reported that he was working full time, only later requesting that his treatment notes be "corrected" to reflect that he ceased working on February 18, 2004. (Tr. 24, 137, 141). Contrary to Plaintiff's assertions, the ALJ did not isolate any portions of the record in support of her decision while ignoring portions which support Plaintiff's claim. Indeed, the portions of the record cited by Plaintiff do not help Plaintiff's position when viewed in conjunction with the record as a whole. As such, we find the ALJ's decision with respect to Dr. Minhas' opinion to be supported by substantial evidence.

Plaintiff also asserts that the ALJ erred in finding Plaintiff's subjective complaints of disabling pain to be not entirely credible. Plaintiff contends that the ALJ improperly characterized Plaintiff's daily activities and failed to take into consideration that Plaintiff performs many tasks at his own pace and with breaks or assistance. (Tr. 248-50). Plaintiff further argues that Plaintiff's use of strong pain medications support his allegations of disabling pain. The ALJ can consider a variety of factors in assessing credibility, including demeanor at the hearing, testimony, reported daily activities, and use of pain medication. In this case, the ALJ considered several factors in her finding that Plaintiff's testimony was not fully credible. The ALJ discussed the lack of objective findings typically associated with disabling pain, *see supra* at p. 11, the lack of reported side effects from the medications (Tr. 137-43, 152-55, 157, 159-61, 212-19), Plaintiff's failure to comply with treatment recommendations (Tr. 137, 138, 142, 156-57, 159), the fact that he applied for, and received, unemployment benefits, and his level of activity, which included shoveling snow, working on cars, mowing the yard, and repairing things around his home. (Tr. 116, 130, 183, 249). More specifically, the ALJ found that Plaintiff's application for benefits, only after having been laid off, as well as his receipt of unemployment benefits, ran contradictory to his allegations of disabling pain. (Tr. 23-24, 142, 232, 236). We, therefore, find that the ALJ's conclusion in this regard is supported by substantial evidence.

Lastly, Plaintiff argues that the ALJ erred in finding that Plaintiff's skills as an ironworker were transferable to the semi-skilled jobs identified by the VE. Specifically, Plaintiff contends that the crib attendant job identified by the VE was clerical in nature and Plaintiff did not have any clerical experience. (Tr. 257). However, Plaintiff misrepresents the VE's testimony on this issue. The VE testified that the crib attendant job, while more "clerical" than "physical" in nature, actually fell into the category of stock order filler. The VE stated that the job entailed responding to people's requests for tools and "assigning those tools out." It was the knowledge of various tools which Plaintiff gained as an ironworker which would transfer to this particular job. (Id.). Moreover, the ALJ specifically asked the VE whether the job of stock order filler would involve significant vocational adjustment to which the VE responded in the negative. (Tr. 257).

As Defendant correctly points out, the ALJ was not required to elicit testimony regarding

12

specific jobs which Plaintiff could perform, but rather, could have relied solely on Rule 202.14 of the Grid to find that Plaintiff was not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.14 (individual who is closely approaching advanced age with a high school education and skilled or semi-skilled past work with no transferable skills).[2] While Plaintiff attempts to argue that such reliance is misplaced in light of Plaintiff's mental limitations, the ALJ properly found that Dr. Lester's opinion was entitled to no weight as there is no evidence that Plaintiff's depression lasted for a continuous period of 12 months. (Tr. 22). Plaintiff asserts that Dr. Lester's opinion limited Plaintiff to doing only unskilled work. However, such a limitation, even if accepted by the ALJ, would not advance Plaintiff's cause. Pursuant to 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00, unskilled jobs are those jobs which can be performed after a short demonstration or within 30 days and do not require special skills or experience. Thus, even accepting Dr. Lester's opinion, the ALJ could use Rule 202.14 of the Grid to find that Plaintiff is not disabled. As such, even if the Court found the ALJ's conclusions regarding transferability and Dr. Lester's opinion to be unsupported, such errors would be harmless in light of the ALJ's ability to rely on Rule 202.14 in finding Plaintiff not disabled.

For the foregoing reasons, Plaintiff's assignments of error are without merit. The ALJ's decision is supported by substantial evidence and should be affirmed.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner be AFFIRMED and this case be dismissed from the docket of the this Court.

Date: 2/29/08

Timothy S. Hogan
United States Magistrate Judge

---

[2] Defendant also correctly notes that the environmental restrictions found by the ALJ do not significantly erode the occupational base. SSR 85-15 ("A person with a seizure disorder who is restricted only from being on unprotected elevations and near dangerous moving machinery is an example of someone whose environmental restriction does not have a significant effect on work that exists at all exertional levels").

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) in the event this Report is served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation are based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\SMITHLE\SOC_SEC\R&R\Thompson.r&r.wpd